

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00386-CR

MIGUEL RAMIREZ                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
TRIAL COURT NO. CR-2013-01449-B

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Miguel Ramirez of driving while intoxicated (DWI). The trial court sentenced him to 120 days' confinement but suspended imposition of the sentence, placing him on community supervision for sixteen months. In his sole issue, Appellant contends that the trial court reversibly erred by denying his requested article 38.23(a) jury instruction. Because Appellant has

[1]*See* Tex. R. App. P. 47.4.

not raised a violation of any law in obtaining evidence of intoxication by the administration of standardized field sobriety tests in English, we affirm the trial court's judgment.

On January 12, 2013, at around 12:06 a.m., Highway Patrol Officer Jeremiah Hale pulled over Appellant after observing the vehicle that he was operating cross double, solid white lines separating the service road and exit ramp and then go back into its original lane. Hale approached the vehicle from the passenger side and could smell the odor of alcohol through the open window. While Appellant searched for his driver's license, Hale noticed that the gear shift was still in "drive," and he instructed Appellant to put his vehicle in "park." Hale asked Appellant to exit the vehicle several times, asking once in Spanish. Appellant exited the vehicle, and upon further inquiry, admitted to having had two beers that evening. Hale decided to administer field sobriety tests, beginning with the horizontal gaze nystagmus test. Hale terminated the test when Appellant did not follow the pen with his eye as instructed. Because Hale did not finish administering the test, he disregarded it.

Hale then administered the walk-and-turn test. Hale asked Appellant if he understood the instructions, and Appellant stated that he did. Appellant displayed seven out of eight possible clues of intoxication. Next, Hale administered the one-leg-stand test. Appellant confirmed that he understood Hale's instructions, but instead of holding his foot out as instructed, Appellant placed his foot out, counted to four, put his foot back down, took a step, and

2

repeated the sequence. Based on Appellant's performance on the field sobriety tests, Hale arrested him for DWI.

Appellant consented to giving a blood sample and was transported to Denton Regional Medical Center for a blood draw. The analysis of Appellant's blood alcohol concentration showed 0.131 grams of alcohol per 100 milliliters of blood. The results of the analysis were admitted into evidence at trial. After the close of evidence, Appellant requested an article 38.23(a) instruction in the jury charge on whether there was probable cause to arrest him. Appellant's counsel asserted that there was a fact issue as to whether there was a language barrier between Appellant and Hale. The request was denied.

In his sole issue, Appellant argues that the trial court erred by denying his requested jury charge instruction pursuant to article 38.23(a) of the Texas Code of Criminal Procedure. He requested the jury instruction because the field sobriety tests were administered in English, and he alleged that there might have been a language problem. Appellant argues on appeal that his poor performance on the standardized field sobriety tests could have resulted from a language barrier rather than intoxication.

Appellant appears to suggest that the blood test was improperly obtained because it was the fruit of the arrest that may have been based on a language barrier rather than on probable cause. Yet Appellant filed no motion to suppress and did not object based on any language barriers to the admission of the blood test results or to testimony about his poor performance on the field sobriety tests.

3

Article 38.23 provides, in pertinent part,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.[2]

For a defendant to be entitled to the instruction, the evidence must raise an issue whether the evidence was obtained in violation of a provision of the Constitution or laws of the State of Texas or of the United States.[3] Appellant has not raised a violation of any law regarding the police obtaining evidence of intoxication by the administration of standardized field sobriety tests in English. He speculated that there was a language barrier, but there is no evidence of a language barrier in the record and no related challenge to the admission of evidence obtained as a result of the detention and arrest. Although the trial judge did everything possible to try to understand Appellant's argument regarding a reason the arrest was unlawful, Appellant was unable to point to anything except speculation. There was no conflicting evidence regarding the odor of alcohol on Appellant, the traffic violation the officer observed Appellant commit,

---

[2]Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005).

[3]*Id.*

4

or Appellant's leaving his car in "drive" after he was stopped. Additionally, Appellant admitted to consuming alcohol. The article 38.23 instruction is required only when there is a factual dispute about how the evidence was obtained.[4] The record reflects no such dispute. Consequently, Appellant was not entitled to an article 38.23 instruction.

We overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 30, 2015

---

[4]*Renteria v. State*, 206 S.W.3d 689, 704 (Tex. Crim. App. 2006).